[S. F. No. 1994.   Department Two.—August 8, 1900.]

## DAN. O'TOOLE, Appellant, v. JAMES J. DOLAN and HALL McALLISTER, Respondents.

SALE OF MINE—WRITTEN CONTRACT—ORAL AGREEMENT FOR COMMISSIONS—ASSIGNMENT OF WRITTEN CONTRACT—BONUS TO ASSIGNEE—RIGHT TO SHARE COMMISSIONS PAID.—Where the owners of a mine agreed in writing with another person that if he should pay or cause to be paid a specified sum on or before a fixed date, they would bond the mine for an agreed price, and orally agreed to pay him fifteen hundred dollars, if a sale for such price should be affected, and then assigned the written contract to a third person without assigning his right to any part of the agreed commission, and the assignee received a bonus from one who became a purchaser of the mine, such assignee is not entitled to any share in the fifteen hundred dollars paid in execution of such oral agreement.

ID.—CLAIM BY ASSIGNEE TO ONE-HALF OF COMMISSIONS—ISSUE AS TO AGREEMENT—FINDING AS TO ASSIGNMENT.—Where the assignee of the contract claimed one-half of the commissions orally agreed upon between the vendors of the mine and his assignors, and in a suit to recover one-half thereof deposited by the vendors of the mine to abide the controversy, alleged that the other half previously paid to the assignor was in full for his share, and that in consideration of the assignment of the contract to him it was agreed between himself and his assignor that the commissions should be equally divided between them, and that the vendors had notice of such assignment and agreement, a finding that no assignment of the commissions was made by the

assignor of the contract to the assignee, includes a verbal as well as a written assignment, and though not as specific as it should have been, sufficiently passes upon the issue tendered as to whether the agreement was made as alleged, so as to entitle the plaintiff to recover the money deposited by the vendors of the mine.

ID.—OMISSION TO FIND AS TO DEFENDANT'S SHARE.—Where the findings sufficiently show that plaintiff had no interest in the commissions orally promised by the vendors of the mine, an omission to find upon an issue as to whether defendant had received his full share thereof is immaterial.

ID.—MODE OF EFFECTING SALE IMMATERIAL.—As to the vendors of the mine, the sale must be deemed to have been effected through the agency of the one to whom the commissions were promised, and it was immaterial to them what mode was used by him in effecting the sale, whether he personally found a purchaser or found one through the agency of an assignee of the contract.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion.

Isaac Frohman, for Appellant.

Henry K. Mitchell, and J. H. Rogers, for Respondents.

HAYNES, C.—This is an action to determine conflicting claims of plaintiff O'Toole and defendant Dolan to the sum of seven hundred and fifty dollars placed in the hands of defendant McAllister by Parker and Shimer to abide the determination of the controversy. The cause was tried by the court, and findings and judgment were for defendant Dolan, and plaintiff appeals from the judgment and from an order denying a new trial.

Parker and Shimer were the owners of certain mines, and on June 9, 1897, entered into a contract in writing with Dolan, by which they agreed that if Dolan should pay or cause to be paid to them one thousand dollars on or before July 9th, they would execute a bond for the sale of the mine for the price of ten thousand dollars, four thousand five hundred dollars to be paid in six months, and four thousand five hundred dollars in one year from the date of the bond. Besides this written agree-

ment, Parker and Shimer orally agreed to pay Dolan fifteen hundred dollars in case a sale for said sum should be effected for them. On June 18th Dolan assigned said written agreement to the plaintiff, who within the time limited assigned the same to another party, who paid O'Toole five hundred dollars bonus or commission, and paid to Parker and Shimer said one thousand dollars within the time limited, and afterward completed the purchase. Afterward Parker and Shimer, upon the payment to them of one-half the purchase money, paid Dolan seven hundred and fifty dollars, being one-half of the promised compensation for effecting a sale. Six months afterward, the remainder of the purchase money having been paid, Parker and Shimer offered to pay the remaining seven hundred and fifty dollars, which is the subject of this action, and as Dolan and O'Toole each claimed the money it was deposited with Mr. McAllister as above stated.

1. Appellant contends that the main and most material issue raised by the pleadings and tried by the court, viz., "whether or not it was agreed between O'Toole and Dolan that the fifteen hundred dollars commission should be equally divided between them," was not found upon by the court. The court found "that said Dolan never assigned his said agreement with Parker and Shimer for the payment to him of said sum of fifteen hundred dollars aforesaid, or any part thereof, to said plaintiff, or to any other person."

The complaint alleged that defendant Dolan "assigned and transferred to plaintiff all his, said Dolan's, rights under said agreement with said Shimer and Parker, and in consideration thereof it was agreed between plaintiff and said defendant that said sum of fifteen hundred dollars should be divided equally between themselves; that said Shimer and said Parker had knowledge of said assignment and said agreement between plaintiff and defendant Dolan."

Defendant Dolan, among other things, denied "that in consideration thereof, or at all, it was agreed between said plaintiff and said defendant that said sum of fifteen hundred dollars, or any other sum, should be divided equally, or at all, between them."

There was no issue or controversy as to the fact of the as-

signment of the written contract by Dolan to O'Toole. The
subject of the action, and the only controversy, was as to the
seven hundred and fifty dollars, the second half of the fifteen
hundred dollars promised to be paid to Dolan, and the com-
plaint alleged "that plaintiff and Dolan each claimed to be en-
titled to the remaining one-half of said fifteen hundred dollars,"
and that the seven hundred and fifty dollars previously paid to
Dolan "was and is in full payment of said defendant Dolan's
share." It is not pretended that Dolan was to pay the plaintiff
seven hundred and fifty dollars, the one-half of his commission
of fifteen hundred dollars when collected, but plaintiff's conten-
tion, as shown by the complaint, is that he was entitled to re-
ceive the money from Parker and Shimer, to whom he had
given notice of his claim; in other words, that Parker and Shimer
were his debtors in said sum of seven hundred and fifty dollars.
But that could not be unless Dolan had in some manner trans-
ferred to the plaintiff a right which previously existed in him-
self. Whether such transfer was made in writing or by a verbal
agreement, it was, if made, an assignment, and was therefore
covered by the finding. Though the finding is not as specific
as it should have been, I think it sufficient, and decides what
appellant says "was understood by the parties to be the pivotal
point in the case."

2. Appellant also insists that the court omitted to find on the
issue that the seven hundred and fifty dollars paid by Shimer
and Parker to Dolan upon their receipt of the first half of the
purchase money was in full of his share of the commission. But
if appellant had no interest in the fifteen hundred dollars it is
immaterial to him whether respondent got the whole or got any
of it.

3. Appellant further contends that the decision is against
law and against the evidence, because it is not denied that the
sale was effected through the sole efforts of the plaintiff, while
the court found that it was effected through Dolan.

But it is clear that as to Parker and Shimer the sale was ef-
fected through Dolan. It was immaterial to them how Dolan
effected the sale, whether by assignment of the contract to
O'Toole who found an actual purchaser, or whether he person-
ally found a purchaser or purchased it himself.

No other points are made by appellant for reversal; and in view of our conclusion the questions made by appellant touching the jurisdiction of the court to hear the motion for new trial need not be considered.

I advise that the judgment and order appealed from be affirmed.

Gray, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Henshaw, J., Temple, J.

Hearing in Bank denied.